IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ESMERALDA LUCY RODRIGUEZ, an Individual, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| ERIC AVALOS, as an Individual and d/b/a CHAVALOS MUSIC, INC., and CORTNEY RICO, an Individual, | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## COMPLAINT

Plaintiff, Esmeralda Lucy Rodriguez ("Rodriguez," "Lucy Rodriguez," or "Plaintiff") files this Complaint against Defendants, Eric Avalos, Chavalos Music, Inc., and Cortney Rico (collectively "Defendants") and shows the following:

### Nature of the Action

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 § U.S.C. 101 *et seq*.

### The Parties

2. Plaintiff Lucy Rodriguez is an individual residing in Corpus Christi, Texas.

3. Defendant Eric Avalos is an individual residing in San Antonio, Texas. Avalos may be served with process at his residence, 6810 Laguna Verde, San Antonio, Texas 78239, or wherever he may be found.

4. Upon information and belief, Chavalos Music Inc. ("Chavalos Music") is an assumed name used by Eric Avalos with a principal place of business located in San Antonio,

Texas. Chavalos Music may be served with process by serving its agent Eric Avalos at his residence, 6810 Laguna Verde, San Antonio, Texas 78239, or wherever he may be found.

5.      Defendant Cortney Rico is an individual residing in Edinburg, Texas. Rico may be served with process at her residence at 7810 Terry Rd., Edinburg, Texas 78542, or wherever she may be found.

### Jurisdiction and Venue

6.      This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (copyright).

7.      Each of the Defendants is subject to the personal jurisdiction of this Court because (1) the infringing work was created in this district; (2) each Defendant has transacted or is transacting business in this district; (3) acts of infringement complained of herein occurred in this district; and (4) Defendant Avalos resides in this district.

8.      Venue in this district is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

### Factual Background

#### Creation of Plaintiff's Song Pediré

9.      Plaintiff, Lucy Rodriguez, is a recording and performing vocal artist. More particularly, she is a well-known and established Tejano music artist who has achieved a significant amount of public notoriety and attention. Rodriguez is also a veteran, having served in the U.S. Air Force.

10.      In 2015, Rodriguez recorded and released a song entitled *Pediré*.[1]

11.      Songwriter Juan Villarreal[2] created the lyrics and musical arrangement for *Pediré* in 2005. Rodriguez was the first artist to record and publicly release *Pediré*, and did so with

---

[1] Future tense of "pedir" meaning "to request, ask for."
[2] No relation to Plaintiff's counsel.

Villarreal's permission. Rodriguez contributed original vocal arrangement and lyrical revisions to *Pediré* in addition to Villarreal's lyrics and musical arrangement.

12.     Defendant Eric Avalos is a musician and music producer. Avalos introduced Villarreal to Rodriguez and provided sound mixing for Rodriguez's 2015 *Pediré* recording.

13.     Rodriguez's *Pediré* became available on all major digital platforms and at least 50 internet/terrestrial radio stations, having substantial play. Rodriguez also sold copies of *Pediré* in physical compact disc (CD) format. Rodriguez heavily promoted *Pediré* following its release with a radio tour and well-received live performances throughout the United States and Mexico. Rodriguez enjoyed a fair amount of international success and recognition from her first release of *Pediré*. A true and correct copy of the sound recording is provided as track 1 on the CD attached as **Exhibit A** and incorporated by reference herein.

14.     In September 2016, Rodriguez, again with Mr. Villarreal's permission, recorded a second version of *Pediré*.  This second version was re-arranged, re-produced, and re-mastered with music producer Lorenzo Banda providing sound mixing and production.

15.     Rodriguez's remastered *Pediré* was released in October 2016 to all digital platforms and internet/terrestrial radio stations. Rodriguez again heavily promoted her remastered *Pediré* with a radio tour and well-received live performances. A true and correct copy of the sound recording is provided as track 2 on the CD attached as **Exhibit A** and incorporated by reference herein.

### *Plaintiff's Copyright Registration and Application for* **Pediré**

16.     Rodriguez filed a copyright application on September 20, 2017 for the 2015 *Pediré* recording identifying herself (vocal arrangement) and Juan Villarreal (lyrics) as the authors of the work. The United States Copyright Office subsequently issued U.S. Copyright

Registration No. SR 809-111 for Rodriguez's *Pediré*, with an effective date of registration of September 20, 2017. A true and correct copy of U.S. Copyright Registration No. SR 809-111 is attached herewith as **Exhibit B** and incorporated by reference herein.

17.     Villarreal later assigned all of his right, title, and interest in *Pediré* to Rodriguez, including his copyright, and underlying exclusive rights, to the lyrics and musical arrangement. Rodriguez filed U.S. Copyright Application No. 1-7129863201 with the United States Copyright Office on November 12, 2018 for the *Pediré* lyrics and musical arrangement. A true and correct copy of U.S. Copyright Application No. 1-7129863201 is attached herewith as **Exhibit C** and incorporated by reference herein.

18.     Rodriguez is the sole owner and holder of all rights, including copyright rights, in and to the work *Pediré.*

19.     Rodriguez's *Pediré* is also registered with the American Society of Composer Authors and Publishers (ASCAP). EdiLu Music Publishing LLC owns publishing rights for the *Pediré* work.

### *Defendants' Unauthorized Cover of* <u>Pediré</u>

20.     Unbeknownst to Rodriguez, Avalos had plans of his own. One or about June 2017, one of Rodriguez's band members informed her that Avalos was planning to record or had recorded *Pediré* with musical artist, Defendant Cortney Rico.

21.     Based on information and belief, Villarreal informed Avalos that Rodriguez was the only artist authorized to record *Pediré*.

22.     Based on information and belief, Lorenzo Banda confronted Avalos about Avalos' intentions to copy Rodriguez's *Pediré* and Avalos justified copying Rodriguez's *Pediré* by falsely claiming Rodriguez owed Avalos money.

23.     Based on information and belief, Avalos and Cortney Rico recorded a version of *Pediré* on or about mid-June 2017 in San Antonio, Texas. Rico provided vocals and Avalos provided production both in his individual capacity and as an agent for Chavalos Music Inc. A true and correct copy of Rico's *Pediré* is provided as track 3 on a CD attached as **Exhibit A** and incorporated by reference herein.

24.     The lyrics, musical arrangement, and vocal arrangement of Rico's *Pediré* are copied exactly from Rodriguez's *Pediré*. For example, Rodriguez made a mistake in her recordings of *Pediré* by inadvertently mixing up the present and future tenses of the Spanish verb "rogar" ("to beg") and singing "te ruegare" instead of "te rogaré." Rico's *Pediré* makes the same mistake. Rico also copied Rodriguez's vocal rhythm and note inflections.

25.     Rico's *Pediré* was available for download on several digital platforms and also aired on internet and terrestrial radio.

26.     Defendants also released a music video for Rico's *Pediré*, which was available on YouTube® and other online platforms.

27.     Defendants heavily promoted Rico's *Pediré*. Rico received substantial media attention, including a nomination for PREMIOS ESTRELLAS DEL PERMIAN BASIN 2018 based on *Pediré*.

28.     The website Tejano Nation (https://tejanonation.net) referred to Rico's *Pediré* as a "cover" of Rodriguez's *Pediré*.

29.     Villarreal and Rodriguez did not authorize Defendants' infringing copy of *Pediré* and have not received any compensation in connection with same.

***Attempted Resolution***

30.     Rodriguez expressly objected to Defendants' unauthorized use of her copyrighted *Pediré* song and sent Defendants a letter demanding Defendants cease unauthorized use of her copyrighted *Pediré* song. Rodriguez's letter further demanded Defendants remove all infringing material from the internet. A true and correct copy of the cease and desist letter is attached hereto as **Exhibit D**, and incorporated by reference herein.

31.     In response, Avalos informed Rodriguez's representatives on November 11, 2018 that Defendants wanted to resolve the dispute and would "do away with any involvement that has to do with 'Pediré'." Avalos agreed to pay Rodriguez 100% of Defendants' revenue attributable the infringing *Pediré* cover, and indicated the infringing *Pediré* song would be removed from digital download platforms and from YouTube®. Avalos further represented that Rico would also cooperate with Rodriguez's requests. A true and correct copy of Avalos' responses are attached hereto as **Exhibit E**, and incorporated by reference herein.

32.     Defendants never paid Rodriguez any money and only removed the infringing song from select digital platforms. Rodriguez was forced to contact third party websites herself to get infringing copies of *Pediré* removed from the internet. In some circumstances, Rodriguez was forced to retain and pay for outside assistance getting infringing content removed from third party websites.

### *Continued Infringement*

33.     Despite Avalos' representation Defendants would no longer infringe Rodriguez's *Pediré* copyrights, Rico and Avalos performed *Pediré* live at Mustang Lounge in Weslaco, Texas as recent as January 12, 2019. Defendants recorded this performance of *Pediré* and uploaded the recording to internet websites associated with Rico.

34.     Rodriguez did not authorize the January 2019 performance, recording, or online distribution of *Pediré* and has not received any compensation thereto.

### *Valuation of Pediré*

35.     On or about November 2018, Avalos represented to Rodriguez that *Pediré* was not a successful song and "has not generate monies nor popularity for either artist." Avalos insisted that *Pediré* was worthless. Avalos later represented to third parties that *Pediré* has done "very very well" for Rico.

36.     Similarly, in September 2017 an affiliate of Defendants, Julie Rodriguez (no relation to Plaintiff), publicly represented that Rico's *Pediré* was a "hit," reaching 16,700 online views and generating 2,000 online purchases at the time of Julie Rodriguez's statement.

37.     The facts herein give rise to the following claims, as listed below:


## COUNT I – COPYRIGHT INFRINGEMENT

38.     Plaintiff incorporates herein paragraphs 1-37 above.

39.     As the legal and beneficial owner of all copyright rights in and to the work *Pediré*, and all causes of action arising therefrom, Plaintiff is entitled to institute this action against Defendants in accordance with 17 U.S.C. § 501(b).

40.     On information and belief, each Defendant, acting individually, or in concert, has engaged in one or more acts of copyright infringement under 17 U.S.C. § 501(a) by violating one or more of Plaintiff's exclusive rights under 17 U.S.C. § 106.

41.     On information and belief, each Defendant, acting individually, or in concert, has engaged in the unauthorized recording, release, performance, and sale of Plaintiff's copyrighted song *Pediré*.

42.     On information and belief, each Defendant, acting individually, or in concert, has engaged in the unauthorized preparation of derivative works based upon Plaintiff's copyrighted song *Pediré*.

43.     On information and belief, each Defendant, acting individually, or in concert, has engaged in acts of copyright infringement either directly, contributorily, and/or vicariously through his or her actions. As a result, each Defendant is jointly and severally liable for the acts of copyright infringement committed by Defendants.

44.     On information and belief, Defendants' acts of copyright infringement have been committed willfully and in complete disregard of, and with reckless indifference to, the exclusive rights of Rodriguez.

45.     Plaintiff has suffered damages as a result of Defendants' acts of copyright infringement and pursuant to 17 U.S.C. § 504(a) is entitled to compensation for her damages and any profits generated by Defendants from their infringement.

46.     Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain Defendants' copyright infringement of Plaintiff's *Pediré* copyrights, including but not limited to the further performance, recording, distribution, and sales of *Pediré*.

47.     Pursuant to 17 U.S.C. § 503(b), Plaintiff is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of her exclusive rights.

## CONDITIONS PRECEDENT

48.     Rodriguez generally avers that all conditions precedent to her right of recovery have occurred or have been performed.

## DEMAND FOR JURY TRIAL

49.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Rodriguez demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein prays that upon trial on the merits hereof, the Court issue judgment against Defendants as follows:

(1)     Awarding Plaintiff all profits attributable to each copyright infringement by Defendants, their agents, servants, employees and those acting in concert with each or any of them in accordance with 17 U.S.C. § 504(b).

(2)     Awarding Plaintiff actual damages due to each Defendant's acts of copyright infringement in accordance with 17 U.S.C. § 504(b) and/or statutory damages where applicable.

(3)     Permanently enjoining Defendants, their agents, servants, employees, and those acting in concert with them, from directly or indirectly infringing Rodriguez's *Pediré* copyrights in accordance with 17 U.S.C. § 502.

(4)     Requiring all infringing copies of *Pediré* be impounded from each Defendant and destroyed in accordance with 17 U.S.C. § 503.

(5)     Finding Defendants' infringement to be willful.

(6)     Awarding Plaintiff costs and attorney's fees in accordance with 17 U.S.C. § 505.

(7)     Finding Defendants jointly and severally liable.

(8)     Awarding Rodriguez all such other and further relief at law or in equity as this Court deems just and proper.

Date: February 8, 2019                    Respectfully submitted,

                                          By:/s/ Miguel Villarreal Jr.

                                          Miguel Villarreal, Jr.
                                          Texas State Bar No. 24042095

mvillarreal@gunn-lee.com
Brandon T. Cook
Texas State Bar No. 24084166
bcook@gunn-lee.com
GUNN, LEE, & CAVE, P.C.
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
(210) 886-9500 Telephone
(210) 886-9883 Facsimile

**ATTORNEYS FOR PLAINTIFF**